Gurung v. Sessions

BIA
Balasquide, IJ
A205 338 709

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of May, two thousand eighteen.

PRESENT:
        ROBERT D. SACK,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

BAHADUR TEJ GURUNG,
        *Petitioner,*

      **v.**                            **16-3871**
                                      **NAC**

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Khaghendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Sergio Sarkany, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bahadur Tej Gurung, a native and citizen of Nepal, seeks review of an October 21, 2016, decision of the BIA affirming a March 25, 2015, decision of an Immigration Judge ("IJ") denying Gurung's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurung,* No. A 205 338 709 (B.I.A. Oct. 21, 2016), *aff'g* No. A 205 338 709 (Immig. Ct. N.Y.C. Mar. 25, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the BIA's and IJ's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

To show eligibility for asylum, a petitioner must establish past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Because the IJ concluded that Gurung had established past persecution, he was entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). However, the IJ must deny relief if the Government shows, "by a preponderance of the evidence," that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i), (ii). The agency must consider the most recent State Department reports and the evidence offered by the petitioner to contradict the reports, and conduct an individualized assessment of the evidence. *See Lecaj*, 616 F.3d at 115-16.

We find no error in the agency's conclusion that Gurung's fear of persecution on account of his membership in the Nepali Congress Party ("NCP") is no longer objectively reasonable

3

given the changes in Nepal.  From 1996 to 2006, Nepal faced a Maoist insurgency, known as the People's War.  Gurung was targeted by Maoists because of his participation in NCP.  In 2006, the Maoists signed a peace accord, which began the peace process in Nepal.  After years of changes resulting from the peace accord, Nepal successfully held an election in 2013 that resulted in a NCP-majority government.  The evidence in the record did not show that Maoists continued to target NCP members, and it indicated that the remaining Maoist violence was sporadic or concentrated in specific areas.

Gurung argues that the agency mischaracterized the 2013 State Department report by ignoring the portions showing that Maoists still committed crimes of violence and extortion throughout Nepal.  Both the 2012 and 2013 reports identify a few incidents of violence throughout Nepal, but they explicitly state that the majority of these incidents occur in the Tarai region.  The fact that Maoist groups committed sporadic acts of violence and extortion elsewhere in Nepal does not undermine the IJ's conclusion that these acts were concentrated in the Tarai region.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 399 (2d Cir. 2005)

4

("[F]indings that the IJ actually made are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks omitted)).

The agency also conducted an individualized analysis. *See Lecaj*, 616 F.3d 115-16. The IJ examined the news articles Gurung submitted and concluded that they did not establish an objectively reasonable fear of persecution because none indicated that Maoist violence against NCP members continued after the 2013 election. Gurung argues that the agency ignored a threatening letter he received from Maoists in 2014. But "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n.13 (2d Cir. 2006). The record does not suggest otherwise, given the IJ's acknowledgment of the 2014 threat, the fact that Gurung's family relocated to Kathmandu, and the lack of country conditions evidence to show that the Maoists are continuing to threaten or acting on threats against NCP members. *Cf. Passi v. Mukasey*, 535 F.3d 98, 101-03 (2d Cir. 2008) (remanding to BIA when agency decision relied solely on State Department reports and failed to indicate consideration

5

of petitioner's evidence that ongoing violence targeting ethnically and politically similar people was most severe in petitioner's home region).

In sum, the 2006 peace accord, 2013 elections, and general trends toward greater police response and transparency support the agency's conclusion that Nepal has fundamentally changed. *See Lecaj*, 616 F.3d at 115–16. Because Gurung failed to establish his eligibility for asylum, he cannot show eligibility for withholding of removal or CAT relief. *Id.* at 119–20.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court